UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

CREATIVE LOAFING, INC., ET AL.,   Case No. 8:08-bk-14939-CED

        Debtors
_____

KEVIN MILLEN,

        Appellant,

v.   Case No. 8:09-cv-2148-T-33

CREATIVE LOAFING ATLANTA, INC.,
ET AL.,

        Appellees.
_____/

## **ORDER**

This cause comes before the Court on an appeal from two orders of the bankruptcy court, in which the bankruptcy court denied Appellant's motion to lift the automatic stay as to his defamation claim (Doc. # 1-2) and sustained Debtors' objection to Appellant's claim (Doc. # 1-2, 1-3). The parties have briefed the issues on appeal (Doc. # 6, 11), and the Court has reviewed the record on appeal, including the transcript of the bankruptcy court's July 20, 2009 hearing (Doc. # 3). This Court conducts a *de novo* review of the bankruptcy court's legal conclusions and must accept the bankruptcy court's factual findings unless they are clearly erroneous. See In re JLJ, Inc., 988 F.2d 1112, 1116 (11th Cir. 1993). As explained below, the Court affirms the bankruptcy court's orders.

**I.  Background**

Appellant contends that Debtors ran a defamatory article about him in the *Washington City Paper* in August of 2002.  (Doc. # 3, p. 11).  In November of 2008, Appellant filed suit against Debtors in state court in the District of Columbia.  However, at that time, Debtors had already filed for bankruptcy, and as a result, Appellant's lawsuit was stayed by the automatic stay provision set forth in 11 U.S.C. § 362.  Thereafter, Appellant timely filed his proof of claim (Doc. # 1-10) in the bankruptcy court.  (Doc. # 3, p. 6).

While his claim was pending in the bankruptcy court, Appellant filed a motion to lift the automatic stay as to his claim.  Thereafter, Debtors filed their objection to Appellant's claim, as well as a motion for summary judgment as to his claim.  Debtors argued, among other things, that Appellant's underlying defamation claim was barred by the statute of limitations.  The bankruptcy court held a hearing on July 20, 2009 to address Appellant's motion to lift the automatic stay and to address Debtors' objection to Appellant's claim.  (Doc. # 3).

In addressing Appellant's motion for relief from the automatic stay, the bankruptcy court stated that initially it was inclined to eventually grant the motion to lift the automatic stay based on fairness and convenience concerns, so that Appellant would not have to travel to the Middle District of Florida in order to prosecute his defamation claim against Debtors.  (Doc. # 3, p. 7-8).  However, the bankruptcy court noted that Appellant was actually residing in Tennessee, so it would likely be equally inconvenient for him to travel to the District of Columbia or the Middle District of Florida in order to prosecute his claim.  (Doc. # 3, p. 8-9).  Therefore, since Appellant would be equally inconvenienced, but the Debtor would not be inconvenienced if Appellant had to prosecute his defamation claim in Florida, the bankruptcy court concluded that it would not

lift the automatic stay. (Doc. # 3, p. 9, 16).

In addressing Debtors' objection to Appellant's claim based on the statute of limitations, the bankruptcy court noted that there was a choice-of-law issue regarding whether the law of the District of Columbia (which has a one-year statute of limitations) or the law of Florida (which has a two-year statute of limitations) applied. (Doc. # 3, p. 12-14). The bankruptcy court noted that the limitations period began to run on the date the allegedly defamatory statements were published, not on the date that they were discovered. (Doc. # 3, p. 12-14). Additionally, the bankruptcy court assumed for the sake of argument that the statute of limitations for Appellant's defamation claim was tolled while he was incarcerated, and thus, it did not begin to run until he was released in August of 2004. (Doc. # 3, p. 15). However, even assuming that the statute of limitations was tolled until August of 2004, the bankruptcy court found that Appellant's defamation claim was barred as a matter of law, because it was not filed in state court until November of 2008. (Doc. # 3, p. 15-16).

## II. Arguments on Appeal

Appellant, proceeding *pro se*, argues that the bankruptcy court erred in applying "[t]he tolling issue and . . . the discovery rule." (Doc. # 1-1). However, a review of the record and case law reveals that his arguments have no merit.

### A. Denial of Motion to Lift the Automatic Stay

Appellant argues that pursuant to 11 U.S.C. § 362(b)(1), the automatic stay does not apply to his claim. Section 362(b)(1) provides that the automatic stay does not apply to "the commencement or continuation of a criminal action or proceeding against the debtor." Appellant's reliance on this section is misplaced, however, as there is no criminal proceeding at

3

issue. Instead, Appellant's claim is a civil action against Debtors.

Appellant also argues that the bankruptcy court erred by not lifting the stay for cause, pursuant to 11 U.S.C. § 362(d)(1). In determining whether cause exists for lifting the automatic stay, "[c]ourts conduct a case-by-case inquiry and apply a totality of the circumstances test." In re Mack, 2007 WL 1222575, at *2 (M.D. Fla. April 24, 2007)(citation omitted). Furthermore, the bankruptcy court's decision is reviewed for abuse of discretion. See id. (citation omitted).

In determining whether cause has been shown, a court balances the potential hardship on the moving party if the stay is not lifted against the potential prejudice to the debtor and its estate if the stay is lifted. See In re Paxson Electric Co., 242 B.R. 67, 70 (M.D. Fla. 1999)(citations omitted). The moving party bears the initial burden of making a prima facie showing that cause exists. See id. (citation omitted). Appellant, however, has not made such a showing, as the bankruptcy court found that the potential hardship to Appellant, who resides in Tennessee, is the same regardless of whether he prosecutes his defamation claim in the District of Columbia or in Florida.

Accordingly, this Court finds that the bankruptcy court did not abuse its discretion in denying Appellant's motion to lift the automatic stay. As such, this Court affirms the bankruptcy court's decision on this issue.

### B. Statute of Limitations

Next, Appellant argues that the bankruptcy court erred in concluding that his defamation claim was barred by the statute of limitations. It appears that Appellant is arguing that the bankruptcy court should have concluded that the limitations period did not begin to run until he discovered the allegedly defamatory statement.

The bankruptcy court noted that there was a choice-of-law issue regarding whether the law of the District of Columbia or Florida applied for determining the statute of limitations. The statute of limitations for a defamation claim in the District of Columbia is one year, and it begins to run on the date of the publication. See Mullen v. Washington Free Weekly, Inc., 785 A.2d 296, 298 (D.C. 2001)(citing D.C. Code § 12-301(4)). The statute of limitations for a defamation claim in Florida is two years, and it begins to run on the date of the publication. See Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan, 629 So. 2d 113, 114-15 (Fla. 1994)(citing Fla. Stat. § 95.11(4)(g) and Fla. Stat. § 770.07). Both the District of Columbia and Florida have rejected the argument that the statute of limitations for defamation claims should not begin to run until the defamation is discovered. See Mullen, 785 A.2d at 298; Flanagan, 629 So. 2d at 115.

The bankruptcy court accepted, for the sake of argument, that the limitations period was tolled while Appellant was incarcerated, and as such, it did not begin to run until he was released in August of 2004. However, applying either the two-year or one-year limitations period, the bankruptcy court determined that Appellant's defamation claim is barred as a matter of law, and this Court finds that Appellant has not shown that this determination was wrong. Therefore, this Court affirms the bankruptcy court's decision on this issue.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that the decisions of the bankruptcy court are **AFFIRMED.** The Clerk is directed to enter judgment in favor of Appellees and to **CLOSE** this case.

5

**DONE AND ORDERED** at Tampa, Florida, this 5th day of April, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
The Honorable Caryl E. Delano